Bijal V. Vakil (CA State Bar No. 192878)
bvakil@whitecase.com
Shamita D. Etienne-Cummings (CA State Bar No. 202090)
setienne@whitecase.com
Henry Y. Huang (CA State Bar No. 252832)
henry.huang@whitecase.com
WHITE & CASE LLP
3000 El Camino Real
2 Palo Alto Square, Suite 900
Palo Alto, CA  94306-2109
Telephone:  (650) 213-0300
Facsimile:     (650) 213-8158

Attorneys for Plaintiff
Google LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GOOGLE LLC,,<br><br>             Plaintiff,<br><br>     v.<br><br>ECOFACTOR, INC.,<br><br>             Defendant. | Case No.  5:21-cv-1468<br><br>**ADMINISTRATIVE MOTION FOR STAY PENDING ITC INVESTIGATION** |

Plaintiff Google LLC ("Google") requests, pursuant to Local Rule 7-11 and through its counsel of record, that the Court stay this action pending completion of United States International Trade Commission ("ITC") Investigation No. 337-TA-1258. Counsel for Google LLC has conferred with counsel for Defendant EcoFactor, Inc. ("EcoFactor"), and EcoFactor has indicated that it does not oppose this motion.  *See* Declaration of Bijal Vakil ("Vakil Decl.").

On February 25, 2021, EcoFactor filed a complaint with the ITC pursuant to the provisions of Section 337 of the Tariff Act of 1930, as amended, requesting that the ITC institute an investigation into whether the importation, sale for importation, or sale after importation of certain smart thermostat systems, smart HVAC systems, and/or smart HVAC control systems infringe

U.S. Patent Nos. 8,596,550; 8,019,567; 10,612,983; and 8,886,488 (collectively, the "Asserted Patents").  The ITC complaint named Plaintiff Google LLC as one of the proposed respondents.

On March 1, 2021, Google filed this district court action against EcoFactor seeking a declaratory judgment of non-infringement of the Asserted Patents. Dkt. No. 1.

On March 30, 2021, the ITC instituted an investigation based on EcoFactor's complaint formally naming Google as a respondent, and on April 2, 2021, the ITC published its Notice of Investigation in the matter of *Certain Smart Thermostat Systems, Smart HVAC Systems, Smart HVAC Control Systems and Components Thereof*, Inv. No. 337-TA-1258, in the Federal Register, attached hereto as Exhibit 1.

A district court must stay a civil action pending the completion of a parallel ITC proceeding upon a timely request by a party that is a respondent in the ITC proceeding.  28 U.S.C. § 1659(a). ITC Investigation No. 337-TA-1258 involves the same parties and patents as this action.  Further, this request is timely as it is made within 30 days of the March 30, 2021 date of institution of the ITC investigation.

WHEREAS, through its counsel, Plaintiff Google respectfully requests, unopposed, that the Court enter an Order staying Civil Action No. 5:21-cv-1468-JD, pending final resolution of ITC Investigation No. 337-TA-1258, including any and all appeals.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: April 29, 2021 | Respectfully submitted, |
| 3 | | By: /s/ *Bijal V. Vakil* |
| | | Bijal V. Vakil |
| 4 | | Bijal V. Vakil (CA State Bar No. 192878) |
| 5 | | bvakil@whitecase.com |
| | | Shamita D. Etienne-Cummings |
| 6 | | (CA State Bar No. 202090) |
| | | setienne@whitecase.com |
| 7 | | Henry Y. Huang (CA State Bar No. 252832) |
| 8 | | henry.huang@whitecase.com |
| | | WHITE & CASE LLP |
| 9 | | 3000 El Camino Real |
| | | Two Palo Alto Square, Suite 900 |
| 10 | | Palo Alto, CA 94306-2109 |
| | | Telephone: 650.213.0300 |
| 11 | | Facsimile: 650.213.8158 |
| 12 | | Attorneys for Plaintiff |
| | | Google LLC |

**FILER'S ATTESTATION**

I, Bijal V. Vakil, am the ECF User whose identification and password are being used to file this document. I hereby attest that the concurrence to the filing of this document has been obtained from each signatory hereto in accordance with Civil L.R. 5-1(i)(3).

DATED: April 29, 2021                                       WHITE & CASE LLP
                                                            */s/ Bijal V. Vakil*
                                                            Bijal V. Vakil

# EXHIBIT 1

Issued: March 29, 2021.

Lisa Barton,

*Secretary to the Commission.*

[FR Doc. 2021–06756 Filed 4–1–21; 8:45 am]

**BILLING CODE 7020–02–P**

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation No. 731–TA–1092 (Second Review)]**

### Diamond Sawblades and Parts Thereof From China

**Determination**

On the basis of the record [1] developed in the subject five-year review, the United States International Trade Commission ("Commission") determines, pursuant to the Tariff Act of 1930 ("the Act"), that revocation of the antidumping duty order on diamond sawblades and parts thereof from China would be likely to lead to continuation or recurrence of material injury to an industry in the United States within a reasonably foreseeable time.

**Background**

The Commission instituted this review on August 3, 2020 (85 FR 46719) and determined on November 6, 2020 that it would conduct an expedited review (86 FR 10597, February 22, 2021).

The Commission made this determination pursuant to section 751(c) of the Act (19 U.S.C. 1675(c)). It completed and filed its determination in this review on March 30, 2021. The views of the Commission are contained in USITC Publication 5176 (March 2021), entitled *Diamond Sawblades and Parts Thereof from China: Investigation No. 731–TA–1092 (Second Review).*

By order of the Commission.

Issued: March 30, 2021.

Lisa Barton,

*Secretary to the Commission.*

[FR Doc. 2021–06852 Filed 4–1–21; 8:45 am]

**BILLING CODE 7020–02–P**

---

[1] The record is defined in § 207.2(f) of the Commission's Rules of Practice and Procedure (19 CFR 207.2(f)).

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation Nos. 731–TA–1014 and 1016 (Third Review)]**

### Polyvinyl Alcohol From China and Japan; Determinations

On the basis of the record [1] developed in the subject five-year reviews, the United States International Trade Commission ("Commission") determines, pursuant to the Tariff Act of 1930 ("the Act"), that revocation of the antidumping duty orders on polyvinyl alcohol from China and Japan would be likely to lead to continuation or recurrence of material injury to an industry in the United States within a reasonably foreseeable time.

**Background**

The Commission instituted these reviews on April 1, 2020 (85 FR 18271) and determined on July 6, 2020 that it would conduct full reviews (85 FR 42005, July 13, 2020). Notice of the scheduling of the Commission's reviews and of a public hearing to be held in connection therewith was given by posting copies of the notice in the Office of the Secretary, U.S. International Trade Commission, Washington, DC, and by publishing the notice in the **Federal Register** on September 22, 2020 (85 FR 59545). Subsequently, the Commission cancelled its previously scheduled hearing following a request on behalf of domestic producers (86 FR 8034, February 3, 2021).

The Commission made these determinations pursuant to section 751(c) of the Act (19 U.S.C. 1675(c)). It completed and filed its determinations in these reviews on March 29, 2021. The views of the Commission are contained in USITC Publication 5173 (March 2021), entitled *Polyvinyl Alcohol from China and Japan: Investigation Nos. 731–TA–1014 and 1016 (Third Review).*

By order of the Commission.

Issued: March 29, 2021.

Lisa Barton,

*Secretary to the Commission.*

[FR Doc. 2021–06781 Filed 4–1–21; 8:45 am]

**BILLING CODE 7020–02–P**

---

[1] The record is defined in § 207.2(f) of the Commission's Rules of Practice and Procedure (19 CFR 207.2(f)).

---

## INTERNATIONAL TRADE COMMISSION

**[Investigation No. 337–TA–1258]**

### Certain Smart Thermostat Systems, Smart HVAC Systems, Smart HVAC Control Systems, and Components Thereof; Institution of Investigation

**AGENCY:** U.S. International Trade Commission.

**ACTION:** Notice.

**SUMMARY:** Notice is hereby given that a complaint was filed with the U.S. International Trade Commission on February 26, 2021, under section 337 of the Tariff Act of 1930, as amended, on behalf of EcoFactor, Inc. of Palo Alto, California. A supplement was filed on March 18, 2021. The complaint, as supplemented, alleges violations of section 337 based upon the importation into the United States, the sale for importation, and the sale within the United States after importation of certain smart thermostat systems, smart HVAC systems, smart HVAC control systems, and components thereof by reason of infringement of certain claims of U.S. Patent No. 8,423,322 ("the '322 patent"); U.S. Patent No. 8,019,567 ("the '567 patent"); U.S. Patent No. 10,612,983 ("the '983 patent"); U.S. Patent No. 8,596,550 ("the '550 patent") and U.S. Patent No. 8,886,488 ("the '488 patent"). The complaint further alleges that an industry in the United States exists as required by the applicable Federal Statute. The complainant requests that the Commission institute an investigation and, after the investigation, issue a limited exclusion order and cease and desist orders.

**ADDRESSES:** The complaint, except for any confidential information contained therein, may be viewed on the Commission's electronic docket (EDIS) at *https://edis.usitc.gov*. For help accessing EDIS, please email *EDIS3Help@usitc.gov*. Hearing impaired individuals are advised that information on this matter can be obtained by contacting the Commission's TDD terminal on (202) 205–1810. Persons with mobility impairments who will need special assistance in gaining access to the Commission should contact the Office of the Secretary at (202) 205–2000. General information concerning the Commission may also be obtained by accessing its internet server at *https://www.usitc.gov*.

**FOR FURTHER INFORMATION CONTACT:** Katherine Hiner, Office of Docket Services, U.S. International Trade Commission, telephone (202) 205–1802.

**SUPPLEMENTARY INFORMATION:**

*Authority:* The authority for institution of this investigation is contained in section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. 1337, and in section 210.10 of the Commission's Rules of Practice and Procedure, 19 CFR 210.10 (2020).

*Scope of Investigation:* Having considered the complaint, the U.S. International Trade Commission, on March 30, 2021, *ordered that*—

(1) Pursuant to subsection (b) of section 337 of the Tariff Act of 1930, as amended, an investigation be instituted to determine whether there is a violation of subsection (a)(1)(B) of section 337 in the importation into the United States, the sale for importation, or the sale within the United States after importation of certain products identified in paragraph (2) by reason of infringement of one or more of claims 1, 2, 5, and 7 of the '322 patent; claims 1, 2, 5, 7, 15, 16, 19, and 20 of the '567 patent; claims 1–3, and 16–18 of the '983 patent; claims 1, 5–7, 9, 13–15, and 17 of the '550 patent and claims 1, 2, 5, 7–10, and 13–15 of the '488 patent; and whether an industry in the United States exists as required by subsection (a)(2) of section 337;

(2) Pursuant to section 210.10(b)(1) of the Commission's Rules of Practice and Procedure, 19 CFR 210.10(b)(1), the plain language description of the accused products or category of accused products, which defines the scope of the investigation, is ''smart thermostat systems, smart HVAC systems, smart HVAC control systems, and components thereof'';

(3) For the purpose of the investigation so instituted, the following are hereby named as parties upon which this notice of investigation shall be served:

(a) The complainant is: EcoFactor, Inc., 441 California Avenue, Number 2, Palo Alto, CA 94301.

(b) The respondents are the following entities alleged to be in violation of section 337, and are the parties upon which the complaint is to be served:

ecobee Ltd., 25 Dockside Dr., Suite 600, Toronto, ON M5A 0B5, Canada
ecobee, Inc., 25 Dockside Dr., Suite 600, Toronto, ON M5A 0B5, Canada
Google LLC, 1600 Amphitheatre Parkway, Mountain View, California 94043
Carrier Global Corporation, 13995 Pasteur Boulevard, Palm Beach Gardens, Florida 33418
Emerson Electric Co., 8000 W Florissant Ave., P.O. Box 4100, St. Louis, Missouri 63136
Honeywell International Inc., 300 South Tryon Street, Charlotte, NC 28202
Resideo Technologies, Inc., 901 E 6th Street, Austin, Texas 78702
Johnson Controls International, PLC, One Albert Quay, Cork, Ireland, T12 X8N6
Siemens Industry, Inc., 1000 Deerfield Pkwy., Buffalo Grove, IL 60089
Siemens AG, Werner-von-Siemens-Str. 1, 80333 Munich, Germany

(3) For the investigation so instituted, the Chief Administrative Law Judge, U.S. International Trade Commission, shall designate the presiding Administrative Law Judge.

The Office of Unfair Import Investigations will not participate as a party in this investigation.

Responses to the complaint and the notice of investigation must be submitted by the named respondents in accordance with section 210.13 of the Commission's Rules of Practice and Procedure, 19 CFR 210.13. Pursuant to 19 CFR 201.16(e) and 210.13(a), as amended in 85 FR 15798 (March 19, 2020), such responses will be considered by the Commission if received not later than 20 days after the date of service by the complainant of the complaint and the notice of investigation. Extensions of time for submitting responses to the complaint and the notice of investigation will not be granted unless good cause therefor is shown.

Failure of a respondent to file a timely response to each allegation in the complaint and in this notice may be deemed to constitute a waiver of the right to appear and contest the allegations of the complaint and this notice, and to authorize the administrative law judge and the Commission, without further notice to the respondent, to find the facts to be as alleged in the complaint and this notice and to enter an initial determination and a final determination containing such findings, and may result in the issuance of an exclusion order or a cease and desist order or both directed against the respondent.

By order of the Commission.

Issued: March 30, 2021.

**Lisa Barton,**

*Secretary to the Commission.*

[FR Doc. 2021–06846 Filed 4–1–21; 8:45 am]

**BILLING CODE 7020–02–P**

# DEPARTMENT OF JUSTICE

## Drug Enforcement Administration

[Docket No. 20–34]

### Brenton D. Goodman, M.D.; Decision and Order

On August 19, 2020, the Assistant Administrator, Diversion Control Division, Drug Enforcement Administration (hereinafter, DEA or Government), issued an Order to Show Cause (hereinafter, OSC) to Brenton D. Goodman, M.D. (hereinafter, Respondent) of Lafayette, Indiana. OSC, at 1. The OSC proposed the revocation of Respondent's Certificate of Registration No. FG7707409. It alleged that Respondent is without ''authority to handle controlled substances in the State of Indiana, the state in which [Respondent is] registered with the DEA.'' OSC, at 2 (citing 21 U.S.C. 824(a)(3)).

Specifically, the OSC alleged that Respondent's Indiana medical license and Indiana controlled substances registration had both expired, leaving Respondent without authority to handle controlled substances in the State of Indiana. *Id.*

The OSC notified Respondent of the right to request a hearing on the allegations or to submit a written statement, while waiving the right to a hearing, the procedures for electing each option, and the consequences for failing to elect either option. *Id.* (citing 21 CFR 1301.43). The OSC also notified Respondent of the opportunity to submit a corrective action plan. OSC, at 3 (citing 21 U.S.C. 824(c)(2)(C)).

By letter dated September 22, 2020, Respondent timely requested a hearing.[1] Hearing Request, at 1. According to the Hearing Request, Respondent denied that his Indiana medical license was expired and claimed that his Indiana controlled substance registration was in the administrative process of being renewed. *Id.* He further requested that the hearing be delayed ''to afford Registrant a reasonable opportunity to be heard before the Indiana Board of Pharmacy'' regarding the renewal of his Indiana controlled substance registration. *Id.*

The Office of Administrative Law Judges put the matter on the docket and assigned it to Chief Administrative Law Judge John J. Mulrooney (hereinafter, the Chief ALJ). The Chief ALJ issued a Briefing Order, dated September 23,

---

[1] The Hearing Request was filed on September 22, 2020. Order for Supplemental Briefing, at 1. I find that the Government's service of the OSC was adequate and that the Hearing Request was timely filed on September 22, 2020.