Bijal V. Vakil (SBN 192878)
ALLEN & OVERY LLP
550 High Street
Palo Alto, CA 94301
Telephone: (650) 388-1650
Facsimile: (650) 388-1699
Email: bijal.vakil@allenovery.com

Shamita D. Etienne-Cummings (SBN 202090)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone:  (202) 683-3810
Facsimile:   (202) 683-3999
Email: shamita.etienne@allenovery.com

Grace Wang (NY SBN 5421391), *pro hac vice*
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone:  (212) 756-1143
Facsimile:   (212) 610-6399
Email: grace.wang@allenovery.com

Counsel for Google LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>ECOFACTOR, INC.,<br><br>        Defendant. | Case No.  3:21-cv-01468-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO CIVIL L.R. 3-12 AND 7-11** |
| GOOGLE LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>ECOFACTOR, INC.,<br><br>        Defendant. | Case No.  4:21-cv-03220-HSG |

- 1 -

## I. INTRODUCTION

Plaintiff Google LLC submits this motion pursuant to Civil Local Rules ("Civil L.R.") 3-12 and 7-11, to advise the Court of a newly filed case. Under Civil L.R. 3-12, the newly filed case, *Google LLC v. EcoFactor, Inc.*, No. 4:22-cv-0162-JSW ("0162 Case"), is related to *Google LLC v. EcoFactor, Inc.*, No. 3:21-cv-01468-JD ("1468 Case") and *Google LLC v. EcoFactor, Inc.*, No. 4:21-cv-03220-HSG ("3220 Case") because it involves (1) the same parties, (2) three patents that are related to those in the aforementioned cases, and (3) substantially the same transactions or events (alleged infringement by the same products and services of the disputed patents). Google respectfully requests consideration of whether the 0162 Case should be related to the 1468 Case or the 3220 Case.

## II. APPLICABLE STANDARD UNDER CIVIL L.R. 3-12

Under Civil L.R. 3-12, an "action is related to another when: (1) The actions concern substantially the same parties, property, transaction or event, and (2) [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Civil L.R. 3-12(a).

"Whenever a party knows or learns that an action, filed in or removed to this district is (or the party believes that the action may be) related to an action which is or was pending in this District as defined in Civil L.R. 3-12(a), the party must promptly file in the lowest-numbered case an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil L.R. 7-11." Civil L.R. 3-12(b). Such a motion must include: "(1) The title and case number of each apparently related case; (2) [a] brief statement of the relationship of the actions according to the criteria set forth in Civil L.R. 3-12(a)." Civil L.R. 3-12(d)(1)-(2).

## III. TITLE AND CASE NUMBER OF EACH APPARENTLY RELATED CASE (CIVIL L.R. 3-12(d)(1))

Pursuant to Civil L.R. 3-12(d)(1), Google identifies three pending cases in the Northern District of California involving EcoFactor that are related:

- *Google LLC v. EcoFactor, Inc.*, No. 3:21-cv-01468-JD (stayed shortly after filing);
- *Google LLC v. EcoFactor, Inc.*, No. 4:21-cv-03220-HSG (most advanced);

- *Google LLC v. EcoFactor, Inc.*, No. 4:22-cv-0162-JSW (newly filed)

## IV. RELATIONSHIP OF THE ACTIONS (CIVIL L.R. 3-12(d)(2))

On February 25, 2021, EcoFactor filed a complaint at the ITC against multiple respondents, asserting four patents against Google. Based on that complaint, the ITC initiated Investigation No. 337-1258. EcoFactor filed multiple other cases asserting several related patents, including a previous Investigation at the ITC, Investigation No. 337-1185. On March 1, 2021, Google filed the 1468 Case against EcoFactor, seeking declaratory judgment of non-infringement for the patents that EcoFactor has asserted in its most recent ITC complaint, Inv. No. 337-1258. *See* No. 21-1468-JD, ECF No. 1. Shortly after the 1468 Case was filed and before EcoFactor answered the complaint, the Court stayed the 1468 Case pending resolution of ITC Inv. No. 337-1258. *See* No. 21-1468-JD, ECF No. 17.

On April 30, 2021, Google filed the 3220 Case against EcoFactor, seeking declaratory judgment of non-infringement for four additional patents. *See* No. 21-3220-HSG, ECF No. 1. In that case, the parties completed briefing on Google's motion for judgment on the pleadings pursuant to F.R.C.P. 12(c) (patent ineligibility), and the Court scheduled a hearing on April 14, 2022. Additionally, the Court scheduled a *Markman* hearing on May 20, 2022. *See* No. 21-3220-HSG, ECF Nos. 41, 47-49.[1]

On January 11, 2022, Google filed the 0162 Case against EcoFactor, seeking declaratory judgment of non-infringement for the four patents that EcoFactor had previously asserted in ITC Inv. No. 337-1185: U.S. Patent Nos. 8,131,497, 8,423,322, 8,498,753, and 10,018,371. Three of those patents are related to patents involved in the cases discussed above. Specifically, U.S. Patent Nos. 8,131,497 and 8,423,322 have nearly identical specifications and claim priority to the same application, U.S. Prov. App. No. 60/994,011, and are related to three patents[2] in the 1468 Case and

---

[1] On March 2, 2021, Resideo Technologies Inc. also filed a case against EcoFactor in this District, *Resideo Technologies Inc. v. EcoFactor, Inc.*, No. 3:21-cv-1496-JD ("1496 Case"). On April 29, 2021, Google requested that the Court relate the 1468 Case and the 1496 Case. No. 21-1468-JD, ECF No. 13. On May 3, 2021, Google requested that the Court relate the 1468, 1496, and 3220 Cases. No. 21-1468-JD, ECF No. 15. On May 5, 2021, this Court determined that the 1468 and 1496 Cases are related, and further that the 1468 and 3220 Cases are not related. No. 21-1468-JD, ECF No. 18. The 1496 Case was terminated on September 27, 2021.

[2] U.S. Patent Nos. 8,019,567, 8,886,488, and 10,612,983 are involved in the 1468 Case and are

one patent[3] in the 3220 Case. Further, U.S. Patent No. 10,018,371 is related to one patent[4] in the 1468 Case and one patent[5] in the 3220 Case. The patents-at-issue in each of these cases involve similar subject matter and recite claim limitations that are nearly identical to those at issue in each of the other two cases. There is also substantial overlap in the products at issue in the 0162 case and those that are at issue in the 1468 and 3220 Cases. Due to the similarity in the subject matter involved in the three cases, it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

For these reasons, these cases involve related patents, the same patent owner, and related issues of fact and law, and therefore should be related.

**V.    CONCLUSION**

Based on the foregoing, Google respectfully submits this Administrative Motion to Consider Whether Cases Should Be Related.

Dated:  February 15, 2022

Respectfully submitted,

By: /s/ *Bijal V. Vakil*
     Bijal V. Vakil

Bijal V. Vakil (SBN 192878)
ALLEN & OVERY LLP
550 High Street
Palo Alto, CA 94301
Telephone: (650) 388-1650
Facsimile: (650) 388-1699
Email: bijal.vakil@allenovery.com

Shamita D. Etienne-Cummings (SBN 202090)
ALLEN & OVERY LLP
1101 New York Avenue, NW
Washington, DC 20005
Telephone:  (202) 683-3810
Facsimile:   (202) 683-3999
Email: shamita.etienne@allenovery.com

---

related to U.S. Patent Nos. 8,131,497 and 8,423,322.
[3] U.S. Patent No. 8,751,186 is involved in the 3220 Case and is related to U.S. Patent Nos. 8,131,497 and 8,423,322.
[4] U.S. Patent No. 8,596,550 is involved in the 1468 Case and is related to U.S. Patent No. 10,018,371.
[5] U.S. Patent No. 9,194,597 is involved in the 3220 Case and is related to U.S. Patent No. 10,018,371.

1
2
3
4  Grace Wang (NY SBN 5421391), *pro hac vice*
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone: (212) 756-1143
Facsimile: (212) 610-6399
Email: grace.wang@allenovery.com

5  Counsel for Google LLC

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 4 -

**CERTIFICATE OF SERVICE**

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and am not a party to the within action. My business address is 550 High Street, Palo Alto, CA 94301.

On February 15, 2022, I caused the foregoing documents described as Administrative Motion to Consider Whether Cases Should be Related Pursuant to Civil L.R. 3-12 and 7-11 electronically via the Allen & Overy LLP email system at the email address set forth below:

Matthew D. Aichele
Russ August & Kabat
800 Maine Avenue SW, Suite 200
Washington DC  20004
maichele@raklaw.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on February 15, 2022, at Palo Alto, California.

*/s/ Bijal V. Vakil*
Bijal V. Vakil